# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MITCHELL DAVID ONZIK,

    Plaintiff,

v.

BOROUGH OF EDWARDSVILLE, et al.,

    Defendants.

NO. 3:08-CV-2036

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Motion to Dismiss of Edwardsville Volunteer Firemans Community Ambulance Association ("EVFCAA") (sued herein as "Edwardsville Fire & Rescue Company") and Frank Slymock (Doc. 12) as well as the Motion to Dismiss of Northeast Paramedic Service, Inc. ("NPS"), Trisha Jones, and Sharon Hulse (Doc. 21). Defendants move to dismiss certain claims alleged in Plaintiff Mitchell David Onzik's complaint (Doc. 1). Plaintiff's complaint raises several claims pursuant to 42 U.S.C. § 1983, a claim pursuant to the Americans with Disabilities Act, as well as a number of claims under state common law. For the reasons stated below, the Court will grant in part and deny in part Defendants' motions. The Court will grant the motion with respect to Count XII, as alleged against the moving defendants, as well as Plaintiff's claims for attorney's fees and punitive damages under Count XI. Because Counts I through X are not raised against the moving defendants, the Court will deny Defendants' motions as moot with respect to these counts.

This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 ("federal question jurisdiction") and over his state law claims pursuant to 28 U.S.C. § 1367(a)

("supplemental jurisdiction").

**BACKGROUND**

The facts alleged in Plaintiff's complaint most relevant to the present motions are as follows. On November 10, 2007, Plaintiff experienced a diabetic emergency while fixing his residence and fell into unconsciousness. He was later discovered unconscious by his fiancé and her relatives. His fiancé contacted Luzerne County Emergency Services and reported Plaintiff's need for medical assistance due to a diabetic emergency. (Compl. ¶¶ 28-32.)

A unit from NPS, including Jones and Hulse, ("the Northeast unit") responded to the dispatch of Luzerne County Emergency Services. A unit from Edwardsville, including paramedic/EMT Slymock, ("the Edwardsville unit") also responded. The responders were informed by Luzerne County Emergency Services that Plaintiff was experiencing a diabetic emergency. They were informed of this again by Plaintiff's fiancé, her mother, and/or her sister upon arrival at Plaintiff's residence. They also informed the responders that Plaintiff may become combative when revived. (*Id.* ¶¶ 33-37.)

The Northeast unit arrived at Plaintiff's residence first and confirmed the diabetic emergency through a test revealing a glucose level of 29. The Edwardsville unit then arrived and the two units tried unsuccessfully to administer treatment to Plaintiff for a diabetic emergency. During this time, Plaintiff was either unconscious or semi-conscious. He apparently became combative, as he alleges that Edwardsville police officers, John Franzoni and Michael Lehman, along with others, tried unsuccessfully to restrain him. Plaintiff was unable to comprehend or follow the instructions of the police officers, Slymock, or the

2

Northeast unit paramedics because of the effects of his diabetic emergency. (*Id.* ¶¶ 10, 12, 38-42.)

At a point during the unsuccessful attempts to restrain Plaintiff, and without a reasonable basis for doing so, the Northeast unit paramedics, Slymock, and the police officers began treating Plaintiff as if he used and was experiencing the effects of illegal and/or illicit drugs. Plaintiff's fiancé and her relatives informed them that Plaintiff was not a user of illegal and/or illicit drugs, but were ignored. Instead, Slymock and the Northeast unit paramedics administered drugs intended to counteract illegal and/or illicit drugs to no effect. Despite the information they already had and the presence of an insulin pump implanted in Plaintiff's body, the paramedics and the police officers continued to treat Plaintiff as a user of illegal and/or illicit drugs. Plaintiff, however, did not use, ingest, or otherwise abuse illegal and/or illicit drugs at any time relevant to the day's events. (*Id.* ¶¶ 43-47.)

Plaintiff was eventually handcuffed, strapped face down onto a board, and transported to a local hospital emergency room. Slymock, the Northeast unit paramedics, and the police officers noted their accusation of illegal drug use in their respective reports and to hospital personnel. The latter tested Plaintiff for such drugs, but no clinical evidence was found. (*Id.* ¶¶ 48-51.)

After his discharge from the hospital and prior to December 17, 2007, Plaintiff requested medical records and incident reports concerning the November 10 incident from Defendants. (*Id.* ¶ 53.)

On December 17, 2007, police officer Franzoni instituted criminal charges against Plaintiff. His actions in preparing and filing the charges were taken in concert with police officer Lehman. The charges included aggravated assault, simple, assault, reckless

3

endangerment of another person, resisting arrest, and several counts of disorderly conduct. Plaintiff alleges that Defendants obtained copies of his medical records without authorization or proper legal process and used information contained in them in an effort to prosecute him. However, the charges against Plaintiff were all ultimately dismissed. (*Id.* ¶¶ 54-56, 59, 60, 61.)

Plaintiff filed the present suit against Defendants on November 10, 2008. (Doc. 1.) In Counts I through X, he alleges several § 1983 claims, a claim for violation of the Americans with Disabilities Act, and a number of state common law claims against "the Edwardsville Officers," defined in the complaint to include defendant police officers Franzoni and Lehman. (*See* Compl. ¶¶ 10, 12.) Count XI raises a state law for negligence against the Edwardsville Officers, Slymock, and the "Northeast paramedics," defined in the complaint to include Jones and Hulse. (*See* Compl. ¶¶ 18, 20.) Count XII raises a state law conspiracy claim against all Defendants.

Defendants EVFCAA and Slymock filed a motion to dismiss on February 6, 2009. (Doc. 12.) After Plaintiff failed to timely respond, the Court issued a Memorandum Order directing him to file a brief in opposition or otherwise communicate with the Court within fifteen (15) days of March 6, 2009. (Doc. 15.) Plaintiff filed a brief in opposition on March 20, 2009. (Doc. 16.) Defendants filed a reply brief on March 24, 2009. (Doc. 17.)

Defendants NPS, Jones, and Hulse filed a motion to dismiss on May 18, 2009. (Doc. 21.) After Plaintiff again failed to timely respond, the Court issued a Memorandum Order directing him to file a brief in opposition or otherwise communicate with the Court within fifteen (15) days of July 10, 2009. Plaintiff filed a brief in opposition on July 23, 2009. (Doc. 24.) Defendants did not file a reply brief.

4

Because Defendants raise the same grounds for dismissal in their respective motions and briefing, the Court will address their motions to dismiss together. These motions are fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1960 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. V. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension*

*Benefit Guar. Corp. v. White Consol. Indus.. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id*. The court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaints "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *Id*. The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Defendants move to dismiss all claims with the exception of Plaintiff's negligence claim raised in Count XI. In addition, they move to dismiss certain remedies claimed under Count XI. The Court will address Defendants' arguments for dismissal in turn.

### I. Counts I through X

Defendants argue that Counts I through X of Plaintiff's complaint should be dismissed against them on a number of grounds. In response, Plaintiff acknowledges that he does not raise these counts against any of the moving defendants. This is consistent with the Court's

reading of the complaint. Count I through X are specifically alleged against "the Edwardsville Officers," who the complaint defines to include Defendants Franzoni and Lehman. (*See* Compl. ¶¶ 10, 12.) Therefore, the Court need not address Defendants arguments for dismissal as to Counts I through X and will deny as moot these portions of Defendants' motions.

## II. Conspiracy Claim

Count XII raises a state law conspiracy claim against all Defendants.[1] To state a claim for civil conspiracy under Pennsylvania law, a complaint must allege:

> (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage.

*McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 660 (Pa. Super. Ct. 2000). Moreover, a plaintiff alleging a civil conspiracy must allege an underlying tort. *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 405 (3d Cir. 2000). Because intent to injure is a necessary element, allegations of negligence are insufficient to support a civil conspiracy claim. *See Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 473 (Pa. 1979) (civil conspiracy requires intent to injure); *Goldstein v. Phillip Morris, Inc.*, 854 A.2d 585, 591 (Pa. Super. Ct. 2004) (negligence claims are insufficient to support civil conspiracy claim).

Plaintiff's conspiracy claims against the moving defendants must fail because the only other claim alleged against them is that of negligence. Plaintiff alleges several intentional torts against the Edwardsville Officers, but these claims do not support a conspiracy claim

---

[1] As all parties cite to Pennsylvania case law, there appears to be no dispute that Pennsylvania substantive law governs Plaintiff's state law claims.

7

against the moving defendants.  *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 193 F.3d 781, 789 (3d Cir. 1999) ("[O]ne cannot sue a group of defendants for conspiring to engage in conduct that would not be actionable against an individual defendant ... [T]he law uniformly requires that conspiracy claims be predicated upon an underlying tort that would be independently actionable against a single defendant.").  Therefore, as Plaintiff fails to raise an underlying tort against Defendants sufficient to support a civil conspiracy claim, the Court will grant the motions to dismiss Count XII as against the moving defendants.

In his brief in response to the motion to dismiss of NPS, Jones, and Hulse, Plaintiff opposes dismissal of Count XII and moves in the alternative for leave to amend his complaint.  Though Plaintiff could have amended his complaint as a matter of course under the Federal Rules of Civil Procedure,[2] the Court treats the request for leave to amend in these circumstances as a case in which leave of the court is required to amend.  *See Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d. Cir. 1989).

The Court notes that Plaintiff's request for leave to amend is not compliant with Local Rule of Court 15.1, which requires that:

> When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including  exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion.

M.D. Pa. Local R. 15.1.  This requirement facilitates an evaluation of whether the Court

---

[2]   Federal Rule of Civil Procedure 15(a) provides, in relevant part that "[a] party may amend its pleading once as a matter of course ... before being served with a responsive pleading...."  Fed. R. Civ. P. 15(a)(1).  A motion to dismiss does not constitute a responsive pleading under Rule 15(a). *Centifanti v. Nix,* 865 F.2d 1422, 1431 n. 9 (3d. Cir. 1989).

should grant leave to amend. *See Centifanti*, 865 F.2d 1422, 1431 n. 10 ("the court may rule on the motion more effectively and quickly if it has before it a copy of the proposed amendment"). Though amendments are liberally granted, "the district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Id.* at 1431. Where, as here, a plaintiff submits no proposed amendment, a court cannot appropriately conclude whether an amendment would withstand a motion to dismiss. The Court will therefore deny Plaintiff's request to amend at this time, without prejudice to his right to renew the motion compliant with the Federal Rules of Civil Procedure and the Local Rules of Court.

### III.     Remedies for Negligence Claim

Plaintiff prays for, *inter alia*, attorneys fees and punitive damages as remedies for the negligence claim raised in Count XI of his complaint. Defendants move to dismiss the claim with respect to both remedies.

As a general rule in Pennsylvania, "a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." *Snyder v. Snyder*, 620 A.2d 1133, 1134 (Pa. 1993). No circumstances warranting an award of attorneys fees are pled in Plaintiff's complaint. For this reason, Defendants argue that Plaintiff's claim for attorneys fees should be dismissed. Plaintiff concedes this point. (*See* Pl.'s Br. in Opp'n to EVFCAA and Slymock 11, Doc. 16; Pl.'s Br. in Opp'n to NPS, Jones, and Hulse 15, Doc. 24) The Court will therefore grant Defendants' motions as to Plaintiff's claim for attorneys fees in Count XI.

Finally, Count XI will not support a claim of punitive damages. In Pennsylvania, "[a]

9

court may award punitive damages only if the conduct was malicious, wanton, reckless, willful, or oppressive." *Rizzo v. Haines*, 555 A.2d 58, 70 (Pa. 1989). Mere negligence does not meet this standard. *Walker v. May Dep't Stores Co.*, 83 F. Supp. 2d 525, 530 (E.D. Pa. 2000). The Court will therefore grant Defendants' motion as to Plaintiff's claim for punitive damages in Count XI.

## CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendants' motions to dismiss. (Docs. 12, 21.) The Court will grant both motions with respect to Plaintiff's state law civil conspiracy claim and will therefore dismiss Count XII as to the moving defendants. Additionally, the Court will grant the motions with respect to Plaintiff's claims for attorney's fees and punitive damages under Count XI and will therefore dismiss the count to the extent it prays for these remedies. Because Counts I through X are not raised against the moving defendants, the Court will deny Defendants' motions as moot with respect to these counts.

An appropriate Order follows.

| | |
|---|---|
| August 11, 2009 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MITCHELL DAVID ONZIK,

    Plaintiff

    v.

BOROUGH OF EDWARDSVILLE, et al.,

    Defendants.

NO. 3:08-CV-2036

(JUDGE CAPUTO)

## ORDER

**NOW**, this __11th__ day of August, 2009 **IT IS HEREBY ORDERED THAT** the Motion to Dismiss of Edwardsville Volunteer Firemans Community Ambulance Association (sued herein as "Edwardsville Fire & Rescue Company") and Frank Slymock (Doc. 12) and the Motion to Dismiss of Northeast Paramedic Service, Inc, Trisha Jones, and Sharon Hulse (Doc. 21) are **GRANTED IN PART** and **DENIED IN PART** as follows:

(1)     Defendants' motions are **GRANTED** with respect to Count XII of Plaintiff's Complaint (Doc. 1). Count XII is **DISMISSED** as to the moving defendants.

(2)     Defendants' motion are **GRANTED** with respect to Count XI of Plaintiff's Complaint (Doc. 1) to the extent this Count seeks attorney's fees and punitive damages under state law. Plaintiff's claims for attorney's fees and punitive damages under Count XI are **DISMISSED**.

(3)     Defendants' motions are **DENIED** in all other respects.

                                              /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge